**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 10 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

JUAN ALONSO CALDERON,

    Defendant - Appellant.

No. 04-1113
(D.C. No. 00-CR-239 WM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Juan Alonso Calderon appeals from his sentence imposed for supervised release violations. Mr. Calderon's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), and moved for leave to withdraw. The brief was served upon Mr. Calderon and he was given proper notice under 10th Cir. R. 46.4(B). He has not responded.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Calderon originally pleaded guilty to bank larceny, a class C felony, 18 U.S.C. §§ 2113(b), 3559(a)(3), and was sentenced to five months imprisonment and three years supervised release. After serving his prison term, he admitted to violating the conditions of his supervised release and was sentenced to an additional six months imprisonment and 27 months supervised release. However, after being released from prison the second time, Mr. Calderon once again violated his supervised release. The district court then revoked supervised release and sentenced him to nine months imprisonment. It is this sentence Mr. Calderon appeals.

We only reverse a sentence imposed for a supervised release violation if it is "plainly unreasonable." United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004). Here, the district judge was required to revoke Mr. Calderon's supervised release, IV R. at 7-8; 18 U.S.C. § 3583(g), and nine months imprisonment was within the guideline range. U.S.S.G. §§ 7B1.1, 7B1.4. Likewise, the sentence did not exceed the two-year maximum imprisonment term for class C felonies. 18 U.S.C. § 3583(e)(3); Kelley, 359 F.3d at 1303 n.1 ("All revocation sentences . . . must be aggregated in calculating this two-year statutory maximum."). And as the district court considered the relevant factors in rendering its decision, we cannot conclude the sentence is plainly unreasonable.

See IV R. at 18-23; see also Kelley, 359 F.3d at 1305; 18 U.S.C. § 3553(a).[1]

Accordingly, we dismiss this appeal as frivolous, and grant counsel's request to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1]In United States v. Booker, 543 U.S. __, 2005 WL 50108, at *25 (2005), the Supreme Court expressly held that "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing."